**EXHIBIT 9**

Electronically Filed
FIRST CIRCUIT
1CCV-21-0000082
21-JAN-2021
07:33 PM
Dkt. 1 CMP

CASE LOMBARDI & PETTIT
A Law Corporation

MICHELLE J. CHAPMAN          9351-0
KAONOHIOKALA J. AUKAI IV     11340-0
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Telephone: (808) 547-5400
Email: mjc@caselombardi.com
       kja@caselombardi.com

**Attorneys for Plaintiff**
TIANJIN DINGHUI HONGJUN
EQUITY INVESTMENT PARTNERSHIP

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| TIANJIN DINGHUI HONGJUN EQUITY INVESTMENT PARTNERSHIP, a foreign limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>MDRE LLC, a Hawaii limited liability company; MDRE 2 LLC, a Hawaii limited liability company; MDRE 4 LLC, a Hawaii limited liability company; MDRE 5 LLC, a Hawaii limited liability company; HAWAII MGCW LLC, a Hawaii limited liability company; HAWAII MVCC LLC, a Hawaii limited liability company; MRGC LLC, a Hawaii limited liability company; KEHALANI COMMERCIAL ASSOCIATES LLC, a Hawaii limited liability company; and DOE INDIVIDUALS AND ENTITIES 1-50,<br><br>Defendants. | CIVIL NO. _____<br>(Foreclosure)<br><br>**COMPLAINT;** EXHIBITS 1-7; SUMMONS |

## COMPLAINT

Plaintiff TIANJIN DINGHUI HONGJUN EQUITY INVESTMENT PARTNERSHIP ("Lender"), by and through its attorneys, Case Lombardi & Pettit, A Law Corporation, hereby files this Complaint against the above-named Defendants, and alleges and avers as follows:

## PARTIES

1. Lender is a foreign limited partnership registered to do business in the state of Hawaii.

2. Upon information and belief, Defendants MDRE LLC, MDRE 2 LLC, MDRE 4 LLC, MDRE 5 LLC, HAWAII MGCW LLC, and HAWAII MVCC LLC (collectively, "Defendant GUARANTOR") are Hawaii limited liability companies with their principal places of business in the State of Hawaii.

3. Upon information and belief, Defendants MRGC LLC and KEHALANI COMMERCIAL ASSOCIATES LLC (collectively, "Defendant SECURED CREDITOR") are Hawaii limited liability companies with their principal places of business in the State of Hawaii.

4. Defendants DOE INDIVIDUALS AND ENTITIES 1-50 (collectively, "Doe Defendants") are persons, corporations, entities or governmental units which in some manner presently unknown to Lender are liable to Lender for the amounts due under the claim and/or cause of action herein alleged and described, which have lien rights in the property being foreclosed upon and/or which have in some manner presently unknown to Lender an interest in and to the property being foreclosed upon, and whose true names, identities, and capacities are presently unknown to Lender or its attorney. In a diligent and good faith effort to ascertain the true names, identities and capacities of these Doe Defendants, Lender has obtained a title search from a reputable title company licensed to do business in the State of Hawaii. All relevant parties fully

identified by the title search have been named as Defendants herein. The rights and interests of said defendant, if any, are inferior, junior and subordinate to the lien of Lender.

## GENERAL AVERMENTS

### A. The Convertible Debt Agreement and Secured Guaranty

5. On or about December 11, 2019, Lender and Tianjin Kapolei Business Information Consultancy Co., Ltd., a limited partnership oranized under the laws of the People's Republic of China ("Borrower"), entered into and executed a certain *Convertible Debt Agreement* ("CDA"), whereby the Lender, for value received, made a loan payout in the prinicipal amount of Four Hundred Million Chinese Yuan (CN¥ 400,000,000.00 or $61,225,736.00)[1] (the "Loan") to Borrower.

6. To secure the payment of the CDA, Defendant GUARANTORS made, executed and delivered to Lender a *Secured Guaranty* (the "Guaranty"), to serve as security for the repayment of the Loan and all other obligations arising from the CDA. A true and correct copy of said Guaranty is attached hereto as Exhibit 1 and incorporated herein by reference.

7. Defendant GUARANTORS agreed to be held jointly and severally liable as primary obligors for the payment of the Loan and other obligations under the Guaranty, without support from the Borrower.

### B. The Mortgages

8. At the time of the execution and delivery of the Guaranty as a part of the same transaction and for the purpose of securing the obligations thereunder, each individual Defendant GUARANTOR secured the Guaranty by the execution of a certain *Mortgage, Assignment of*

---

[1] Chinese Yuan Renminbi to US Dollar Conversion Rate of 1 CN¥ = 0.15 USD, as of December 17, 2020.

*Leases and Rents, Security Agreement, and Fixture Filing* (the "Mortgages") on the parcels of real property described below.

9. Defendant MDRE LLC secured the Guaranty by the execution of that certain *Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing* dated December 11, 2019 and recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaii ("Land Court") as Document No. T-11070208 on April 23, 2020 ("MDRE Mortgage"). A true and correct copy of the MDRE Mortgage is attached hereto as Exhibit 2 and incorporated herein by reference.

10. The mortgaged property securing the MDRE Mortgage is located in Makaha, Waianae, District of Waianae, City and County of Honolulu, State of Hawaii ("Makaha"), bearing Tax Map Key ("TMK") Nos. (1) 8-4-002-051 and (1) 8-4-002-075 and are more particularly described in the Exhibit A attached to said Mortgage and incorporated herein by reference.

11. Defendant MDRE 2 LLC secured the Guaranty by the execution of that certain *Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing* dated December 11, 2019 and recorded in the Land Court as Document No. T-11049137 on April 2, 2020 ("MDRE 2 Mortgage"). A true and correct copy of the MDRE 2 Mortgage is attached hereto as Exhibit 3 and incorporated herein by reference.

12. The mortgaged property securing the MDRE 2 Mortgage is located in Waianae and Lualualei, City and County of Honolulu, State of Hawaii, bearing TMK No. (1) 8-4-002-007, and is more particularly described in the Exhibit A attached to said Mortgage and incorporated herein by reference.

13. Defendant MDRE 4 LLC secured the Guaranty by the execution of that certain *Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing* dated

December 11, 2019 and recorded in the Land Court as Document No. T-11046279 on March 30, 2020 ("MDRE 4 Mortgage").  A true and correct copy of the MDRE 4 Mortgage is attached hereto as Exhibit 4 and incorporated herein by reference.

14. The mortgaged property securing the MDRE 4 Mortgage is located in Makaha, bearing TMK No. (1) 8-4-002-077, and is more particularly described in the Exhibit A attached to said Mortgage and incorporated herein by reference.

15. Upon information and belief, Defendant SECURED CREDITORS may have a continuing interest in and to the mortgaged property securing the MDRE 4 Mortgage.

16. Defendant MDRE 5 LLC secured the Guaranty by the execution of that certain *Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing* dated December 11, 2019 and recorded in the Land Court as Document No. T-11048283 on April 1, 2020 ("MDRE 5 Mortgage"). A true and correct copy of the MDRE 5 Mortgage is attached hereto as Exhibit 5 and incorporated herein by reference.

17. The mortgaged property securing the MDRE 5 Mortgage are located in Makaha and Waianae, bearing TMK Nos. (1) 8-4-002-070, (1) 8-4-020-015, (1) 8-4-019-032, (1) 8-4-021-068, and (1) 8-4-002-012, and are more particularly described in the Exhibit A attached to said Mortgage and incorporated herein by reference.

18. Defendant HAWAII MGCW LLC secured the Guaranty by the execution of that certain *Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing* dated December 11, 2019 and recorded in the Land Court as Document No. T-11070209 on April 23, 2020 ("MGCW Mortgage"). A true and correct copy of the MGCW Mortgage is attached hereto as Exhibit 6 and incorporated herein by reference.

19. The mortgaged property securing the MGCW Mortgage are located in Makaha,

bearing TMK Nos. (1) 8-4-002-053, (1) 8-4-002-055, (1) 8-4-002-067, and (1) 8-4-002-074 and are more particularly described in the Exhibit A attached to said Mortgage and incorporated herein by reference.

20. Defendant HAWAII MVCC LLC secured the Guaranty by the execution of that certain *Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing* dated December 11, 2019 and recorded in the Land Court on April 1, 2020 as Document No. T-11048182 ("MVCC Mortgage"). A true and correct copy of the MVCC Mortgage is attached hereto as Exhibit 7 and incorporated herein by reference.

21. The mortgaged property securing the MVCC Mortgage are located in Makaha, bearing TMK Nos. (1) 8-4-002-005, (1) 8-4-002-056, (1) 8-4-002-057, (1) 8-4-023-014, (1) 8-4-023-015, (1) 8-4-024-001, and (1) 8-4-002-076 and are more particularly described in the Exhibit A attached to said Mortgage and incorporated herein by reference.

**C. The Dispute**

22. Lender is the current holder of the CDA and Guaranty and is in possession of the original of the CDA and Guaranty with standing to prosecute the instant action.

23. Lender is the current holder of the CDA, Guaranty, and the Mortgages (collectively, the "Loan Documents") and has fully performed all of Lender's obligations under the Loan Documents.

24. Borrower is now in default under the terms of the CDA in that Borrower has breached the covenant to pay the sums thereunder at the times the same became due and payable.

25. That despite Lender's efforts to collect the debt owed under the CDA, including arbitration in the People's Republic of China, Borrower has failed, neglected and refused to make any payment due and owing to Lender under the CDA.

6

26. That due notice has been given to Defendant GUARANTORS of Borrower's default and Defendant GUARANTORS' obligation to pay the sums due and owing under the CDA.

27. Defendant GUARANTORS are now in default under the terms of the Guaranty in that Defendant GUARANTORS have breached the covenant to pay the sums thereunder at the times the same became due and payable.

28. By reason of said breach, Lender has exercised, and does hereby exercise, its option under the terms and covenants of the Loan Documents to declare the entire principal balance due under the Loan Documents, together with interest, immediately due and payable.

29. That due notice has been given to Defendant GUARANTORS of Lender's exercise of its said option, and that although Lender has made a demand upon Defendant GUARANTORS for the payment of the sums due under the Loan Documents, Defendant GUARANTORS have failed, neglected and refused and still fail, neglect and refuse to pay the same.

30. The entire principal balance due under the Loan Documents, together with interest, has become and is now due and payable, which amounts are secured by the Mortgages.

31. By reason of the facts hereinbefore set forth and alleged, Lender is entitled to foreclose the Mortgages and to exercise its rights under the same under the terms provided herein.

**PRAYER FOR RELIEF**

**WHEREFORE,** Lender prays that the Court declare, adjudge, and confirm the following:

A. That process issue herein citing and summoning all defendants to appear and answer this Complaint as by law provided and to stand to and perform and abide by such orders, decrees and directions as may be made and entered herein;

B. That upon a hearing being had hereon there be ascertained the total amount due to the time of judgment under said Loan Documents, including principal, interest, advances, costs,

expenses, attorneys' fees and late fees, and that this Court make and enter its judgment:

(a) That there is due and owing to Lender by virtue of the terms of said Loan Documents, a certain sum of money and that such sum of money, including all advances, costs, expenses, attorneys' fees and late fees be declared to be a first lien upon the mortgaged property described in the Mortgages ("Mortgaged Property"), superior to all other liens and encumbrances against the Mortgaged Property;

(b) That a Commissioner be appointed to take possession of all of such Mortgaged Property, and directing that the Commissioner sell the same, for cash in lawful money of the United States in the manner provided by law and the orders of this Court, and upon the confirmation of said sale by this Court, that the Commissioner be authorized and directed to make and deliver to the purchaser or purchasers such instruments of conveyance of such property as may be appropriate in the premises;

(c) That the Commissioner be authorized and directed that after the payment of all necessary expenses of such sale, to make application of all the proceeds thereof so far as the same may be necessary to the payment of the amount found due and owing to Lender upon said Loan Documents, including aforesaid advances, costs, expenses, attorneys' fees and late fees;

(d) That Lender be authorized to be a purchaser at any sale made as aforesaid, without the requirement of any down payment at said sale;

(e) That if the proceeds of such sale shall be insufficient to pay the aforesaid amount to Lender and it shall appear that a deficiency exists, directing a joint and several judgment to be entered for such deficiency against Defendants GUARANTORS and DOE and that Lender have execution therefor;

(f) That a writ of possession issue in favor of the purchaser at the said sale, commanding the sheriffs to remove any tenants or occupants and any such person holding by, through or under any tenant or occupant, from the said Mortgaged Property;

(g) That the purchaser be allowed to dispose of the personal property which remains in the said Mortgaged Property after the same is vacated, as the same will have no significant value;

(h) That Lender have such other and further relief as may be just and equitable.

DATED: Honolulu, Hawaii, January 21, 2021.

*/s/ Michelle J. Chapman*
MICHELLE J. CHAPMAN
KAONOHIOKALA J. AUKAI IV
**Attorneys for Plaintiff**
TIANJIN DINGHUI HONGJUN
EQUITY INVESTMENT PARTNERSHIP