CASE LOMBARDI & PETTIT
A LAW CORPORATION

TED N. PETTIT                              4287-0
Email: tnp@caselombardi.com
MARIA AMPARO V. MCCORMICK        10623-0
Email: mav@caselombardi.com
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Phone: (808) 547-5400 | Fax:  (808) 523-1888

Attorneys for Defendant
Tianjin Dinghui Hongjun Equity Investment Partnership

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>PACIFIC LINKS U.S. HOLDINGS, INC., a Delaware Corporation,<br><br>Debtor and<br>Debtor in Possession. | Case No. 21-00094<br>(Chapter 11)<br>(Jointly Administered)<br><br><br><br>Judge:  Hon. Robert J. Faris |
| This Adversary Proceeding relates to:<br><br>ALL CASES | |
| PACIFIC LINKS US HOLDINGS, INC.; HAWAII MVCC LLC HAWAII; MGCW LLC; MDRE LLC; MDRE 2 LLC; MDRE 3 LLC; MDRE 4 LLC; and MDRE 5 LLC,<br><br>Plaintiffs | Adversary Proceeding No. 21-90009<br><br>**DEFENDANT TIANJIN DINGHUI HONGJUN EQUITY INVESTMENT PARTNERSHIP'S ANSWER TO COMPLAINT, FILED MARCH 4, 2021 [DKT 1]** |

vs.

TIANJIN DINGHUI HONGJUN
EQUITY INVESTMENT
PARTNERSHIP (LIMITED
PARTNERSHIP),

              Defendant.

## DEFENDANT TIANJIN DINGHUI HONGJUN EQUITY INVESTMENT PARTNERSHIP'S ANSWER TO COMPLAINT, FILED MARCH 4, 2021

Defendant Tianjin Dinghui Hongjun Equity Investment Partnership ("**TDH**") by and through its counsel, Case Lombardi & Pettit, A Law Corporation, hereby responds to Plaintiffs' Complaint ("**Complaint**"), filed March 4, 2021 [Dkt. # 1] as follows:

### FIRST DEFENSE

1.    The Complaint fails to state a claim against TDH and the Complaint should be dismissed.

### SECOND DEFENSE

2.    TDH admits the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 of the Complaint.

3.    TDH denies the allegations contained in paragraphs 19, 20, 21, 22 and 23 of the Complaint.

U.S. Bankruptcy Court - Hawaii   #21-90009   Dkt # 33   Filed  06/28/21   Page 2 of 9

4.     In response to paragraphs 24, 25, 26, 27, 28 and 29, TDH lacks knowledge sufficient to form a belief as to the truth or falsity of each paragraph and the allegations contained therein, and therefore denies the same.

5.     In response to paragraph 30, TDH admits executing the Secured Guaranty, but states that the document speaks for itself, and therefore, TDH denies the same.

6.     In response to paragraph 31, TDH admits executing the Convertible Debt Agreement and Framework Agreement, but states that the documents speak for themselves in Chinese language, and therefore, TDH denies the same.  Plaintiffs fail to provide or refer to original copies of the Convertible Debt Agreement and Framework Agreement written in Chinese or any competent translation and therefore the Complaint is defective and should be dismissed.

7.     In response to paragraph 32, TDH states each of the documents referred to in each subparagraph speaks for itself, and therefore, TDH denies the same.

8.     TDH denies the allegations contained in paragraphs 33, 34, 35, 36, 37 and 38 of the Complaint.

9.     TDH denies the allegations contained in paragraphs 39, 40, 41, 42, 43 and 44 of the Complaint.

10.     TDH denies the allegations contained in paragraphs 45, 46, 47, 48, 49 and 50 of the Complaint.

U.S. Bankruptcy Court - Hawaii   #21-90009   Dkt # 33   Filed  06/28/21   Page 3 of 9

11.     TDH denies the allegations contained in paragraphs 51, 52, 53, 54, 55 and 56 of the Complaint.

12.     TDH denies the allegations contained in paragraphs 57, 58, 59, 60, 61 and 62 of the Complaint.

13.     TDH denies the allegations contained in paragraphs 63, 64, 65, 66, 67 and 68 of the Complaint.

14.     TDH denies the allegations contained in paragraphs 69, 70, 71, 72, 73 and 74 of the Complaint.

15.     TDH denies the allegations contained in paragraphs 75, 76, 77, 78, 79 and 80 of the Complaint.

16.     TDH denies the allegations contained in paragraphs 81, 82, 83, 84, 85, 86 and 87 of the Complaint.

17.     TDH denies any allegation contained in the Complaint that is not specifically admitted herein.

### THIRD DEFENSE

18.     Plaintiffs' claims set forth in Complaint are subject to arbitration before the Shenzhen Court of International Arbitration in China.

### FOURTH DEFENSE

19.     Plaintiffs' claims set forth in the Complaint are governed by Chinese law, not U.S. law.

U.S. Bankruptcy Court - Hawaii   #21-90009   Dkt # 33   Filed  06/28/21   Page 4 of 9

## FIFTH DEFENSE

20.     Plaintiffs were solvent when the transfers alleged in the Complaint were made.

## SIXTH DEFENSE

21.     Plaintiffs received reasonably equivalent value in exchange for the transfers alleged in the Complaint, within the meaning of 11 U.S.C. § 548(a)(1)(B), and Hawaii Revised Statutes § 651C.

## SEVENTH DEFENSE

22.     Plaintiffs were not rendered insolvent as a proximate result of the alleged transfers.

## EIGHTH DEFENSE

23.     Plaintiffs received direct and indirect benefits from the transfers alleged in the Complaint.

## NINTH DEFENSE

24.     The alleged transfers did not cause the Plaintiffs to be left with unreasonably small capital.

## TENTH DEFENSE

25.     The Plaintiffs did not intend to incur, or believe or reasonably should have believed, that the alleged transfers would leave the Plaintiffs with debts that were beyond Plaintiffs' ability to repay as they became due.

5

## ELEVENTH DEFENSE

26.     TDH took for value, in good faith, without knowledge of any alleged avoidability of the alleged transfers.

## TWELFTH DEFENSE

27.     Plaintiffs are barred from maintaining this action against TDH based on the applicable statutes of limitation and/or statutes of repose, including but not limited to, 11 U.S.C. § 548(a)(1), Hawaii Revised Statutes § 651C-9, and under Chinese law and other applicable law.

## THIRTEEN DEFENSE

28.     TDH is entitled to all protections of Hawaii Revised Statutes § 651C-8, 11 U.S.C. § 550(b)-(e), and Chinese law and other applicable law.

## FOURTEENTH DEFENSE

29.     TDH is entitled to a lien on, or right to retain its rights in, the assets or property interests allegedly transferred, enforcement of any obligations incurred or reduction in the amount of any liability on the judgment, if any, as a good-faith transferee to the extent of the value given to Plaintiffs for the alleged transfers.

## FIFTEENTH DEFENSE

30.     The Complaint is barred by the equitable doctrines of waiver, consent, acquiescence, bad faith, unclean hands, acceptance, ratification and/or estoppel.

U.S. Bankruptcy Court - Hawaii   #21-90009   Dkt # 33   Filed  06/28/21   Page 6 of 9

## SIXTEENTH DEFENSE

31.     Plaintiffs are barred from any recovery due to their failure to mitigate damages.

## SEVENTEENTH DEFENSE

32.     The Bankruptcy Court lacks authority to enter a final judgment or order on Plaintiffs' claims.

## EIGHTEENTH DEFENSE

33.     Plaintiffs have failed to join necessary and indispensable parties to this action.

## NINETEENTH DEFENSE

34.     TDH intends to rely upon the defense that recovery is barred due to bad faith.

## TWENTIETH DEFENSE

35.     TDH intends to rely upon the defense that Plaintiffs are barred from any recovery due to lack of causation.

## TWENTY-FIRST DEFENSE

36.     TDH affirmatively asserts the defense of knowledge, agreement and/or acquiescence.

U.S. Bankruptcy Court - Hawaii   #21-90009   Dkt # 33   Filed  06/28/21   Page 7 of 9

## TWENTY-SECOND DEFENSE

37.    TDH affirmatively asserts the defense of promissory estoppel and/or detrimental reliance.

## TWENTY-THIRD DEFENSE

38.    Plaintiffs have failed to show any alleged fraud that can be attributed to TDH.

## TWENTY-FOURTH DEFENSE

39.    TDH expressly objected and reserved the issue of jurisdiction of the Bankruptcy Court and governing law at the time TDH filed its Proofs of Claim.

## TWENTY-FIFTH DEFENSE

40.    TDH affirmatively asserts all defenses available to it under Chinese law, international law and other applicable law.

## TWENTY-SIXTH DEFENSE

41.    In the event that the Court does not compel arbitration of the dispute between TDH and Plaintiffs, then TDH invokes Rule 44.1 of the Federal Rules of Civil Procedure for the Court to determine and adjudicate the dispute and Complaint under Chinese law.

## RESERVATION OF RIGHTS

42.    TDH reserves the right to assert additional defenses based upon further investigation or formal or informal discovery.

**PRAYER FOR RELIEF**

WHEREFORE, TDH prays for relief as follows:

A.      That the Complaint is dismissed with prejudice;

B.      That the Court enter judgment in favor of TDH;

C.      That TDH be awarded its legal fees and costs and expenses incurred in connection with or related to the Complaint, and

D.      That TDH be awarded such other and further relief as the Court deems just and equitable.

DATED:      Honolulu, Hawaii, _____June 28, 2021_____.


_____*/s/ Maria Amparo V. McCormick*_____
TED N. PETTIT
MARIA AMPARO V. MCCORMICK
Attorneys for Defendant
Tianjin Dinghui Hongjun Equity Investment
Partnership

9