TSUGAWA LAU & MUZZI LLLC
A Hawaii Limited Liability Law Company

CHRISTOPHER J. MUZZI 6939
LEILA ROTHWELL SULLIVAN 7626
55 Queen Street, Suite 3000
Honolulu, Hawaii 96813
Telephone No.: (808) 531-0490
Facsimile No.: (808) 534-0202
Email: cmuzzi@hilaw.us
Email: lrs@hilaw.us

Special Counsel for Debtors/Plaintiffs

CHOI & ITO
Attorneys at Law

CHUCK C. CHOI 6435
ALLISON A. ITO 8152
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
E-Mail: cchoi@hibklaw.com
aito@hibklaw.com

General Counsel for
Debtors/Plaintiffs

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>PACIFIC LINKS U.S. HOLDINGS, INC., a Delaware Corporation,<br><br>    Debtor. | Case No. 21-00094<br>Chapter 11<br>(Jointly Administered - Lead Case) |
| This Adversary Proceeding relates to:<br><br>ALL CASES | |
| PACIFIC LINKS US HOLDINGS, INC.; HAWAII MVCC LLC; HAWAII MGCW LLC; MDRE LLC; MDRE 2 LLC; MDRE 3 LLC; MDRE 4 LLC; and MDRE 5 LLC,<br><br>    Plaintiffs,<br><br>    vs. | Adversary Proceeding No. 21-90009<br><br>**HEARING DATE:**<br>Date:   April 15, 2022<br>Time:   10:00 a.m.<br>Judge:  Robert J. Faris<br><br><br>Trial Date: June 27, 2022 |

50200/1/103038

TIANJIN DINGHUI HONGJUN
EQUITY INVESTMENT
PARTNERSHIP (LIMITED
PARTNERSHIP),

        Defendant.

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT TIANJIN DINGHUI HONGJUN EQUITY INVESTMENT PARTNERSHIP'S EX PARTE MOTION TO EXTEND DEADLINE FOR <u>DISCLOSURE OF EXPERT WITNESSES AND WRITTEN REPORTS</u>

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS..................................................................................................i

TABLE OF AUTHORITIES ....................................................................................... ii

I.  INTRODUCTION ............................................................................................1

II.  RELEVANT FACTS........................................................................................2

    A.  Procedural...............................................................................................2

        1.  Relevant Deadlines .....................................................................2

        2.  Discovery ....................................................................................3

        3.  The TDH December 2019 Transaction.......................................7

        4.  The Stanford Carr Documents ....................................................8

III.  STANDARD....................................................................................................10

IV.  ARGUMENT...................................................................................................10

    A.  TDH Did Not Act Diligently.................................................................11

    B.  The Factual Bases Underlying the Request Is Erroneous...................14

        1.  The December 2019 Transaction Did Not Result
            in New Net Funds .......................................................................14

        2.  Plaintiffs/Debtors Already Produced the Stanford
            Carr Documents from January 2020 to the Present ...................15

V.  CONCLUSION................................................................................................16

# TABLE OF AUTHORITIES

CASES                                                                                   PAGE

Coleman v. Quaker Oats Co.,
    232 F.3d 1271 (9th Cir. 2000) ...........................................................10, 11, 14

Johnson v. Mammoth Recreations, Inc.,
    975 F.2d 604 (9th Cir. 1992) ...........................................................10, 11, 14


STATUTES AND RULES

Bankruptcy Rule 7026 ...........................................................................10

Fed. R. Civ. P. 26 ...............................................................................10

Fed. R. Civ. P. 26(a)(2).........................................................................11

Fed. R. Civ. P. 26(a)(2)(B) ......................................................................3

U.S. Bankruptcy Court - Hawaii   #21-90009   Dkt # 101   Filed  04/13/22   Page 4 of 20

PLAINTIFFS PACIFIC LINKS US HOLDINGS, INC.; HAWAII MVCC LLC; HAWAII MGCW LLC; MDRE LLC; MDRE 2 LLC; MDRE 3 LLC; MDRE 4 LLC; and MDRE 5 LLC ("**Plaintiffs**") hereby submit their Memorandum in Opposition to Defendant TIANJIN DINGHUI HONGJUN EQUITY INVESTMENT PARTNERSHIP'S ("**TDH**") Ex Parte Motion to Extend Deadline for Disclosure of Expert Witnesses and Written Reports ("**Motion to Extend**").

## I. INTRODUCTION

In what has become its *modus operandi*, TDH alleges that Plaintiffs/Debtors have not provided documents necessary for TDH's defense. This time, it claims that it requires documents from Stanford Carr Development LLC ("**Stanford Carr**") from January 2020 to the present. TDH claims that for this reason, it was unable to timely file an expert report by the Rule 26 deadline of March 29, 2022.

Specifically, TDH asserts that,

> Without the documents requested, TDH's expert is unable to fully analyze the value derived from continued development of the Makaha Property after December 2019, and consequently, has insufficient information to provide a written report with respect to the value derived therefrom. Plaintiffs and their affiliates in North America were able to continue developing the Makaha Property only because they received funding from Plaintiffs' affiliates in China, including Tianjin Kapolei Business Information Consultancy Co., Ltd. This analysis is crucial to TDH's defenses to the allegations in the Complaint.

TDH Memorandum in Support at 8.

This is not true for several reasons, as set forth in more detail below. First, TDH did not provide new net money when on December 11, 2019 it entered into a Convertible Debt Agreement and other loan documents with Tianjin Kapolei Business Information Consultancy Co., Ltd. ("**TKB**") in the amount of 400 million RMB (the "**December 2019 Transaction**"). Second, the Plaintiff had already stopped development of the Makaha Properties by December of 2019. Third, the Debtors (in the main case) produced to TDH Plaintiffs/Debtors' Stanford Carr documents, which contain all the development information they seek. Fourth, Stanford Carr stopped providing services as of January 31, 2020, so Stanford Carr likely has no additional relevant documents or information.

Finally, even if Plaintiffs had not already produced the Stanford Carr documents that TDH claims its expert needs, the Motion to Extend should be denied because TDH cannot show good cause, as it did not act diligently.

## II. RELEVANT FACTS

### A. Procedural

#### 1. Relevant Deadlines

Plaintiffs filed their complaint against TDH on March 4, 2021. Dkt. No. 1.

Trial in this matter is set to begin June 27, 2022. Dkt. No. 31.

Discovery cutoff is May 30, 2022. Id.

U.S. Bankruptcy Court - Hawaii  #21-90009  Dkt # 101  Filed  04/13/22  Page 6 of 20

### 2. Discovery

Pursuant to Fed. R. Civ. P. Rule 26(a)(2)(B), expert reports were due ninety days before trial, which was March 29, 2022.

Plaintiffs served a request for production of documents and requests for answers to interrogatories on TDH August 30, 2021.  Declaration of Christopher J. Muzzi ("**Muzzi Declaration**") at ¶3.

On October 13, 2021, TDH served a request for production of documents on Plaintiffs.  Id. at ¶4.

On October 14, 2021, TDH served its written responses and objections to Plaintiffs' request for production of documents and requests for answers to interrogatories.  TDH did not produce documents at that time.  Id. at ¶5.

On November 29, 2021, Plaintiffs served their written responses and objections to TDH's request for production of documents.  Id. at ¶6.  Plaintiffs did not produce documents at that time.  Id.

Relevant to the Motion to Extend, TDH cites to its Request for Production No. 26, which sought, "Any and all documents, communications or writing that relate to or concern the use of Loan Proceeds for any development or development expenses of any property of the Debtors from 2015 to present."  After stating its objections, Plaintiffs responded that, "Without waiving the foregoing objections, Plaintiffs do not have any responsive documents in their possession, custody or

control."  TDH never deposed any of Plaintiffs regarding this answer.  Id. at ¶7.

Specifically, Plaintiffs do not have any documents that would show that they used

"Loan Proceeds" from TDH.  Plaintiffs did not even know about any TDH loan to

TKB prior to the December 2019 Transaction, and therefore have no documents that

would evidence the use of loan proceeds from prior purported loans between TDH

and TKB.  Declaration of Harry Chang ("**Chang Declaration**") at ¶25.  As explained

in more detail below, no new net funds were advanced by TDH in the December

2019 Transaction between TDH and TKB.  Thus, Plaintiffs have no documents and

could not have had any documents that show that Plaintiffs received loan proceeds

from the December 2019 Transaction.  Id. at ¶24.

On December 22, 2021, Plaintiffs produced their responsive documents,

which consisted of 6,699 pages.  Muzzi Declaration at ¶8.  The production included

about 1,500 pages of documents related to Stanford Carr's development of the

Plaintiffs' properties for periods in 2016 - 2019, including bank statements; related

financial reporting from Stanford Carr; and draw requests from Stanford Carr and

supporting invoices.  Id.  For example, Exhibit H to TDH's motion refers to an email

dated 10/3/19 that was produced on December 22, 2021.  TDH fails to mention that

attached to the email were several zip files, with one containing 41 .pdf files relating

to the development of Plaintiffs' properties by Stanford Carr, including every one of

the 33 draw requests, with supporting invoices and payment requests, made by

Stanford Carr through July of 2019 relating to the development efforts for the Makaha Properties.  Id. at ¶10.  These documents were gathered by Debtors for production to TDH in connection with its due diligence for the December 2019 Transaction between TDH and TKB.  Thus, TDH has had those documents for over two years.

On December 22, 2021, TDH produced its responsive documents, which consisted of 2,106 pages (many of which had been sent to TDH by Plaintiffs before the December 2019 Transaction).  Id. at ¶11.

On January 18, 2022, in the main bankruptcy case, Debtors produced about 7,000 pages of documents, including additional Stanford Carr documents for the period from October 2019 through the end of Stanford Carr's retention in January of 2020.[1]  Declaration of Allison A. Ito ("**Ito Declaration**") at ¶3.  The Parties have agreed that the Plaintiffs need not produce to TDH again the documents that the Debtors' produced in the main case.  Muzzi Declaration at ¶13.

In Debtors' letter brief for the February 25, 2022 discovery conference as it relates to the Stanford Carr documents, Debtors explained in response to TDH's request for certain bank statements that:

---

[1] The Debtors continued to produce documents to TDH in the main case into March of 2022, including documents that were requested by TDH that were beyond the scope of its formal written request.  Ito Declaration at ¶5.

• Account ending #0711 (MDRE FHB Account): missing 2017 (March, April, June, July and September), 2018 (May, June, August to November), 2019 (July and supplements needed for September to December), and 2020 (March, May to December, and supplements needed for January, February, and April). The bank account ending in 0711 is an account opened and controlled by then-developer Stanford Carr Development LLC ("SCD"). The account was administered by SCD to pay for subcontractors / development costs. All bank statements for this account were addressed to SCD's office (1100 Alakea Street, 27th Flr, Honolulu, HI 96813). For months that SCD submitted a draw request, the draw request would be accompanied by expense reports and receipts, financial statements / bank reconciliations prepared by SCD's office, and the corresponding month's bank statement, to the Debtors. Debtors have reviewed their files and have produced all bank statements for this account in its possession. A request has been made to Stanford Carr's office for the time periods requested.

Main case Dkt. No. 425 at page 4 of 5 (highlighting in the original). Debtors did not receive any additional documents from Stanford Carr in response to their request.

On March 16, 2022, TDH served requests for answers to interrogatories on each of the Plaintiffs. Id. at ¶14.

On March 29, 2022, Plaintiffs disclosed their expert witness and a copy of his report. Id. at ¶15.

On March 29, 2022, TDH served a disclosure naming an expert witness, but failed to disclose his report or opinions. Id. at ¶16. Instead, TDH stated, in relevant part, as follows:

Mr. Hoe is a Certified Public Accountant and Forensic Account. Mr. Hoe will provide his opinion on (i) reasonably equivalent value provided to Plaintiffs in the form of indirect benefits and other benefits including but not limited to value of funds received by Plaintiffs from Chinese related entities arising out of TDH loans, the value of the Makaha development project, the value conferred on Plaintiffs and members of the Pacific Links Group, the value conferred on Pacific Links US Services, Inc., an affiliate of Plaintiffs that provided "back

office" services solely for the benefit of Plaintiffs, the value of forbearance provided by Defendant, the value to Plaintiffs of re-financing prior loans, the equivalency of the value conferred by Defendant in exchange for guaranties and mortgages, the accounting parameters for determination of the single enterprise doctrine, the alter ego doctrine and collapsing doctrines applicable to the allegations of the Plaintiffs, and other related factual and accounting defenses to the Complaint.

Exhibit 2.

As of the time of the filing of TDH's Motion to Extend, no depositions have been taken in this Adversary Proceeding by any of the Parties.[2] Muzzi Declaration at ¶18. TDH filed a motion to compel the production of documents from Plaintiffs on the same day as it filed its Motion to Extend. Dkt. No. 87.

### 3. The TDH December 2019 Transaction

TKB did not receive any new net funds from the December 2019 Transaction. The only money paid by TDH to TKB pursuant to the December 2019 Transaction was immediately returned by TKB to TDH. Chang Declaration at ¶24. Thus, TDH did not provide any new net money in connection with the December 2019 Transaction that could have been used by any of the Plaintiffs for development of their Hawaii properties (or for any other purposes). Exhibit 1 - Deposition of Harry Chang at 71:13-19 and Chang Declaration at ¶24.

---

[2] Plaintiffs have agreed with TDH that the depositions taken by TDH in the main bankruptcy case of the Rule 30(b)(6) Witness from Pacific Links U.S. Holdings, Inc.; Harry Chang; and David Zhou may be used in this proceeding as if taken in this proceeding.

U.S. Bankruptcy Court - Hawaii   #21-90009   Dkt # 101   Filed  04/13/22   Page 11 of 20

### 4. The Stanford Carr Documents

Pursuant to the retention of Stanford Carr, MDRE LLC established a bank account at First Hawaii Bank ("**FHB Account**") with account number XX-XX0711, which statements were sent to Stanford Carr. Chang Declaration at ¶6. Stanford Carr had check signing authority on the FHB Account. Id. at ¶7. Generally, Stanford Carr would submit draw requests asking for approval to pay various development-related invoices from the FHB Account. Id. at ¶8. If Plaintiffs approved the proposed payments, funds would be deposited into the FHB Account and Stanford Carr would cause the approved expenses to be paid. Id. at ¶9. Stanford Carr would provide Debtors with a monthly financial summary that generally consisted of the FHB Account monthly statement, a Reconciliation Summary, a Reconciliation Detail, a Balance Sheet, a Statement of Cash Flows, and a General Ledger (the "**Monthly Financial Report**"). Id. at ¶10.

In or about the third or fourth quarter of 2019, Plaintiffs lacked sufficient capital to continue attempts to develop their Makaha properties. Chang Declaration at ¶13. Harry Chang, as the Rule 30(b)(6) Witness from Pacific Links U.S. Holdings, Inc., testified to this fact on February 22, 2022 in a deposition taken in the main bankruptcy case. Exhibit 1 at 56:24 - 57:6. In December of 2019, Plaintiffs informed Stanford Carr that January of 2020 would be the last month of service required by Plaintiffs. Chang Declaration at ¶17 The January 2020 Monthly

Financial Report was the last monthly financial information prepared by Stanford Carr. Id. at ¶18. Thus, because Plaintiffs had stopped development of their real properties in or about December of 2019, Plaintiffs do not believe that Stanford Carr has any additional documents or information that are relevant to the purported bases for TDH's proposed expert's report that TDH did not already have as of January 18, 2022.

Plaintiffs have already produced to TDH the FHB Account statements it had that were controlled by Stanford Carr and accompanying Monthly Financial Reports prepared by Stanford Carr. Plaintiffs' original production of documents in December of 2021 included the FHB Account statements and accompanying Monthly Financial Reports prepared by Stanford Carr for August 2016; Jan., Feb., March, May, June, August, Oct, Nov., and December 2017; Jan. – April, July and Dec. of 2018; and Jan. – June and August 2019. Muzzi Declaration at ¶9 and Exhibit 3. On January 18, 2022, Debtors produced to TDH, among other things, (i) the FHB Account statements and accompanying Monthly Financial Reports prepared by Stanford Carr for Sept. – Dec. 2019 and Jan. 2020; and (ii) the FHB Account statements for Feb. and April of 2020. Ito Declaration at ¶4; and Exhibit 4 - 10. The FHB Account statements and Stanford Carr's Monthly Financial Reports contain the financial information that it appears TDH is claiming its expert needs. Thus, TDH has had the sought-after Stanford Carr documents and/or financial information in its

possession since January 18, 2022, which is about nine weeks before the expert report deadline.

## III. STANDARD

A party must show good cause to extend a deadline in the court's scheduling order. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" <u>Johnson</u>, 975 F.2d at 609 (other citations omitted) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment); <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1294-95 (9th Cir. 2000). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." <u>Johnson</u>, 975 F.2d at 608 (citations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." <u>Id</u>.; <u>Coleman</u>, 232 F.3d at 1295.

## IV. ARGUMENT

Pursuant to the Scheduling Order issued by the Court on June 27, 2021, as to discovery, "[t]he provisions of Bankruptcy Rule 7026 (making applicable Rule 26

of the Federal Rules of Civil Procedure) apply in general to discovery in this matter." Federal Rules of Civil Procedure 26(a)(2) states, in relevant part, that absent a stipulation or court order otherwise, expert testimony must be disclosed "at least 90 days before the date set for trial. . . ." Trial is set to begin on June 27, 2022. Thus, the expert witness report disclosure deadline pursuant to the Scheduling Order, which incorporates the deadlines in Rule 26, was March 29, 2022. TDH did not have its expert disclose his report or opinions in writing by the deadline (nor did TDH seek to extend the deadline before it expired), and TDH cannot show good cause, as required by Johnson, to extend this deadline.

## A. TDH Did Not Act Diligently

Even assuming, *arguendo*, that TDH did not already have the information and documents it seeks from Stanford Carr, TDH did not act diligently in the Adversary Proceeding to obtain the documents it claims are necessary for its expert to prepare a report. On November 29, 2021, Plaintiffs objected to the production of certain requested documents. On December 22, 2021, Plaintiffs produced their responsive documents and Debtors produced additional documents on January 18, 2022. Since January 18, 2022, TDH took no meaningful actions in the Adversary Proceeding to obtain the documents it now claims that its expert needs. TDH did not seek to have Plaintiffs' objections overruled and the document production compelled until after

the expert deadline. TDH did not seek to extend the expert deadline <u>before</u> it expired.

In fact, if TDH had acted diligently, it would have been made aware that it has all the information from the Stanford Carr documents that it claims it needs. That is, it has all the FHB Account statements and the Monthly Financial Reports prepared by Stanford Carr from December of 2019 through when Stanford Carr stopped performing services for the Plaintiffs in January of 2020. Exhibits 7 – 8. TDH's failure to discover that the documents it had it its possession contained all the information that Stanford Carr had regarding development of the Plaintiff's properties from and after the December 2019 Transaction demonstrates a lack of diligence.[3]

TDH's lack of diligence is further exemplified by the fact that on the expert report deadline, TDH's expert did not provide a report on (i) the other issues that TDH identified would be the subject of its expert's testimony that are not related to the Stanford Carr post-December 2019 Transaction documents (if any exist that have not already been produced); and (ii) did not provide a preliminary report, subject to supplementation, on the issues that purportedly relate to the Stanford Carr post-

---

[3] To the extent that Stanford Carr has additional documents not turned over by Plaintiffs, it is expected that those documents would only contain material duplicative of that already in the FHB Account statements and the Monthly Financial Reports that have been produced to TDH.

U.S. Bankruptcy Court - Hawaii   #21-90009   Dkt # 101   Filed  04/13/22   Page 16 of 20

December 2019 Transaction documents (if any exist that have not already been produced). It seems that TDH's summary expert witness disclosure and this Motion to Extend the expert report deadline was only in response to receiving Plaintiffs' expert disclosure and report. It seems as though TDH was caught off guard by the deadline and now seeks to blame Plaintiffs for its lack of diligence.

It appears that TDH claims that an extension is needed because Plaintiffs allegedly did not produce Stanford Carr documents for periods from January 2020 to the present. <u>See</u> TDH Memo in Support at 7 ("As of October 2019, Plaintiffs had several years' worth of documentation to track Makaha development expenses; **Plaintiffs' assertion that they have no such documents from January 2020 to present appears disingenuous**.") (emphasis added). Even if that were true (which it is not), there is no reason that TDH's expert could not have submitted his report on all other issues that he will purportedly opine on. TDH's expert did not disclose any written opinions or preliminary reports based on the information he had available at the time. Nor did he submit a declaration stating relevant information about his and TDH's diligence, such as (1) the date he was retained; (2) the scope of his retention; (3) whether he was provided with any documents by TDH and when; (4) what documents he needs to complete his report and why; and (5) whether he completed any parts of his report by March 29, 2022 on issues that are not related to

the Stanford Carr documents "from January 2020 to present" that form the basis TDH's extension request.

Here, TDH cannot meet its burden of showing that it was diligent and that it could not reasonably have met the expert report deadline. Johnson, 975 F.2d at 609. Because TDH "was not diligent, the inquiry should end." Id.; Coleman, 232 F.3d at 1295. The Motion to Extend should be denied.

**B.     The Factual Bases Underlying the Request Is Erroneous**

Although the inquiry ends with TDH's lack of diligence, Plaintiffs also note that the Motion to Extend is brought upon two false premises: (1) that TDH loaned new net funds to TKB through the December 2019 Transaction that could have reached the Plaintiffs and been used to develop Plaintiffs' Makaha properties; and (2) that there exist Stanford Carr documents for periods from January of 2020 to the present.

**1.     The December 2019 Transaction Did Not Result in New Net Funds**

TDH did not make new net funds available to TKB in the December 2019 Transaction. Instead, TDH made multiple deposits into TKB's account, which TKB then promptly returned to TDH. Chang Declaration at ¶¶23 and 24. TDH then appears to have redeposited the same money over the period of a couple of days, until the sum of 240 million RMB ran through TKB's account and back to TDH. Id. at ¶24. TKB only used the money from the December 2019 Transaction to return

to TDH.  <u>Id.</u>  There was no new net funds from TDH in December of 2019 that could have made its way to Plaintiffs.  This was acknowledged by TDH's counsel at the Rule 30(b)(6) deposition:

```
10          Q.   Okay.  And so at the very bottom line, it
11     shows the total cumulative over -- it looks like a
12     one-year period, November 2019 to December 2020.
13               And the TDH loan closed in December 2019,
14     correct?
15          A.   I don't think that's accurate because
16     there was no -- there was no additional proceeds
17     that came out of the 2019 loan.  It was simply a
18     rollover with no incremental cash proceeds.
19          Q.   You're correct.
20               But the second traunch of funds is in
21     2018?
22          A.   Correct.
```

Exhibit 1 at 71:13-19 (emphasis added).

### 2.     Plaintiffs/Debtors Already Produced the Stanford Carr Documents from January 2020 to the Present

Debtors do not believe there will be any material Stanford Carr documents for periods from January 2020 produced pursuant to the subpoena on Stanford Carr, as Plaintiffs ceased utilizing Stanford Carr's services after January of 2020.  Despite TDH's claims of deficient production, Plaintiffs/Debtors produced years' worth of Stanford Carr documents, including many of the (i) draw requests made by Stanford Carr for development, including back up documentation, (ii) the FHB Account statements, and (iii) the Monthly Financial Reports.  As it relates to this Motion to

Extend, Plaintiffs/Debtors produced all of the FHB Account Statements and Monthly Financial Reports prepared by Stanford Carr for December 2019 (the month the December 2019 Transaction took place) and January 2020 (the month Stanford Carr stopped providing services). Plaintiffs also produced the FHB Account statements for February and April of 2020. The claim that the TDH could not have its expert timely complete a report because it needed non-existent Stanford Carr documents/information is disingenuous.

## V.  CONCLUSION

For the foregoing reasons, the Motion to Extend Deadline should be denied.

Dated:  Honolulu, Hawaii, <u>April 13, 2022</u>.

/s/ Christopher J. Muzzi
CHRISTOPHER J. MUZZI
Special Counsel for
Debtors/Plaintiffs PACIFIC LINKS U.S.
HOLDINGS, INC.; HAWAII MVCC LLC;
HAWAII MGCW LLC; MDRE LLC;
MDRE 2 LLC; MDRE 3 LLC;
MDRE 4 LLC; and MDRE 5 LLC
