**Date Signed:**
**October 20, 2022**

SO ORDERED.



Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>PACIFIC LINKS U.S. HOLDINGS, INC.,<br><br>Debtor. | Case No. 21-00094<br>Chapter 11<br>(Jointly Administered – Lead Case) |
| PACIFIC LINKS U.S. HOLDINGS, INC.; HAWAII MVCC LLC; HAWAII MGCW LLC; MDRE LLC; MDRE 2 LLC; MDRE 3 LLC; MDRE 4 LLC; and MDRE 5 LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>TIANJIN DINGHUI HONGJUN EQUITY INVESTIMENT PARTNERSHIP (LIMITED PARTNERSHIP),<br><br>Defendant. | Adv. Pro. No. 21-90009<br><br>Dkt. 210 |

# TENTATIVE RULING GRANTING
# STAY PENDING APPEAL

Defendant Tianjin Dinghui Hongjun Equity Investment Partnership (Limited Partnership) ("TDH") requests that the court stay distributions in the main bankruptcy case during the pendency of the appeal in this adversary proceeding. Subject to oral argument and further reflection, the court is inclined to grant the motion for a stay for the following reasons.

## I. Background

The plaintiffs, who are debtors in possession in chapter 11 cases, brought this adversary proceeding to avoid, as constructively fraudulent, certain guaranties and mortgages that they granted to TDH. Following a three-day trial, the court entered findings of fact and conclusions of law (ECF 196) and a final judgment (ECF 206) in favor of the plaintiffs and against TDH. The judgment (the "Avoidance Judgment") avoided all of the obligations of the plaintiffs to TDH.

TDH filed a timely notice of appeal from the Avoidance Judgment. The appeal is pending before the Bankruptcy Appellate Panel of the Ninth Circuit.

2

U.S. Bankruptcy Court - Hawaii   #21-90009   Dkt # 234   Filed  10/20/22   Page 2 of 7

In the main bankruptcy cases, the court has confirmed a joint plan of reorganization (ECF 501 in Case No. 21-00094.) The plan provides for the sale of the plaintiffs' real estate. The net proceeds (after payment of costs of sale, real property taxes, and senior mortgages) are to be deposited in an escrow account and distributed to TDH, "on the later of the Effective Date or the resolution of the [TDH] Lawsuit by Final Order," to the extent that the court holds that TDH's mortgages encumber the subject property (*id*. at 25-26 and 41 of 73).

The Avoidance Judgment is not a "Final Order" under the plan. The plan defines a "Final Order" as an order or judgment "as to which the time to appeal . . . has expired and no appeal . . . has been timely taken . . ." or if an appeal has been taken, it "has been resolved by the highest court to which the order or judgment was appealed . . . ."(*Id*. at 26-27.)

Other creditors are to receive distributions of available net proceeds "on the Effective Date or as soon thereafter as reasonably practicable" (*id*. at 42-44 of 73.). Although the plan does not specifically say so, the funds in the

3

escrow account for TDH are presumably not "available" until all appeals are exhausted and the Avoidance Judgment is a "Final Order."

No one appealed from the confirmation order and the effective date of the plan has occurred. The plaintiffs have sold their real property (ECF 545 in Case No. 21-00094). The net proceeds (after payment of the costs of sale, real property taxes, and senior liens) were $12,573,193.93 (ECF 565 in Case No. 21-00094).

TDH has moved to stay any distributions in the main bankruptcy case until the appeal is resolved.

## II. Discussion

Pursuant to Fed. R. Bankr. P. Rule 8007, the bankruptcy court is authorized to stay the Avoidance Judgment during the pendency of the appeal.

When determining whether to grant a stay pending appeal, "a court considers (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). These factors are balanced against one another: a high likelihood of success on the merits can outweigh a weak balance of hardships, and vice versa. *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008).

**Likelihood of Success**. TDH plans to argue on appeal that (1) the court erred when it found that the defendant knew or should have known that the plaintiffs were in financial distress at the time of the transaction and that the obligations incurred would further impair the plaintiffs' financial position; and (2) TDH has met its burden with respect to the "good faith" defense. To prevail, TDH will have to convince the appellate court that this court's factual findings were "clearly erroneous." It is not likely that TDH will be able to carry that heavy burden.

**Irreparable Harm to Appellant**. TDH argues that, if there is no stay, the plaintiffs will distribute the net sales proceeds to other creditors, leaving it without a remedy. The terms of the plan appear to make this impossible.

5

The net proceeds must remain in escrow until all appeals from the Avoidance Judgment are decided. In a sense, the plan includes a built-in stay pending appeal from the Avoidance Judgment.

**Harm to the Adverse Party**. The terms of the plan also ensure that a stay would not harm the plaintiffs or their other creditors, because there can be no distributions until TDH's appeals are decided.

**Public interest**. This case does not implicate any particular public interest in a significant way.

**Posting a Bond**. The plaintiffs argue that, if the court is inclined to grant a stay, the court should require TDH to post a bond or other security to protect the creditors against inflation. I am not inclined to grant the request. The plaintiffs proposed a plan with a built-in stay pending appeal, no creditor objected to it, and the court confirmed it. Requiring security as the plaintiffs request to protect creditors against a feature of a carefully-drafted plan would not be appropriate.

### III. Conclusion

Although it is a close case, the court is inclined to grant TDH's motion. This is largely because the confirmed plan already includes a stay pending appeal and reinforcing that in a separate order harms no one.

**END OF ORDER**