

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>PACIFIC LINKS U.S. HOLDINGS, INC.,<br><br>Debtor. | Case No. 21-00094<br>Chapter 11<br>(Jointly Administered – Lead Case) |
| PACIFIC LINKS U.S. HOLDINGS, INC.; HAWAII MVCC LLC; HAWAII MGCW LLC; MDRE LLC; MDRE 2 LLC; MDRE 3 LLC; MDRE 4 LLC; and MDRE 5 LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>TIANJIN DINGHUI HONGJUN EQUITY INVESTIMENT PARTNERSHIP (LIMITED PARTNERSHIP),<br><br>Defendant. | Adv. Pro. No. 21-90009<br><br>Dkt. 216 |

# TENTATIVE RULING GRANTING
# <u>AWARD OF ATTORNEYS' FEES</u>

The plaintiffs filed a motion for an award of attorneys' fees for work performed in connection with this adversary proceeding. Subject to oral argument and further reflection, the court is inclined to grant the motion for the following reasons.

## I. Background

The plaintiffs brought this adversary proceeding to avoid, as constructively fraudulent, certain guaranties and mortgages that they granted to defendant Tianjin Dinghui Equity Investment Partnership (Limited Partnership) ("TDH"). Following a three-day trial, the court ruled in favor of the plaintiffs on all counts. This was a major victory because it relieved the debtors from about $57 million of secured debt and made possible a recovery for unsecured creditors.

## II. Discussion

Haw. Rev. Stat. § 607-14 provides, in relevant part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid

> by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable . . . provided that this amount shall not exceed twenty-five percent of the judgment

The parties agree that the 2019 Transaction Documents (listed in ECF 196 at 7-8) include provisions granting attorney's fees, and that the plaintiffs were the prevailing party in the adversary proceeding. TDH disputes that the proceeding was "on a contract" as required by the statute. TDH further argues that the fees submitted by the plaintiffs' attorney are not reasonable.

There are no Hawaii cases addressing whether a fraudulent transfer action under the Bankruptcy Code and Hawaii state law to avoid obligations and liens created by contract is an action "on a contract" within the meaning of § 607-14. I am inclined to hold that § 607-14 authorizes such an award where the obligations and liens were created by a contract that includes an attorneys' fee provision.

First, courts have generally given a broad meaning to the phrase "on a contract." *Sheehan v. Centex Homes*, 853 F.Supp.2d 1031, 1038-39 (D. Haw. 2011) (holding that an action for rescission of a contract and damages based on fraud is an action "on a contract").

3

Second, the Ninth Circuit has held that fees are available under a similar fee-shifting statute in California. In *Penrod v. AmeriCredit Financial Services, Inc. (In re Penrod)*, 802 F.3d 1084 (9th Cir. 2015), the debtor filed a chapter 13 petition and filed a plan that would have split a $26,000 auto loan into secured and unsecured portions, provided for full payment of only the secured portion, and allowed the debtor to retain the car. The auto lender argued that the Bankruptcy Code prohibited this "bifurcation" of its claim and that, if the debtor wanted to retain the auto, she had to pay the full amount of the loan. Ultimately, after appeals to the Bankruptcy Appellate Panel and the Ninth Circuit and the lender's unsuccessful certiorari petition, the debtor won. She then asked the bankruptcy court to award the legal fees she had incurred (about $245,000). She relied on Cal. Civ. Code § 1717, which provides that "in any action on a contract," where the contract provides that one party may recover fees, then either party can recover fees if that party prevails. The court in *Penrod* approved the requested fee award, reasoning that under California law, "an action is 'on a contract' when a party seeks to enforce, or avoid enforcement of, the provisions of the contract." *Id.* at 1088.

U.S. Bankruptcy Court - Hawaii   #21-90009   Dkt # 235   Filed 10/20/22   Page 4 of 6

I am inclined to predict that Hawaii courts would follow *Penrod's* reasoning and hold that an action to avoid contractual obligations and transfers as constructively fraudulent is an action "on [the] contract" that the plaintiff seeks to avoid. The only basis for the position TDH took in this adversary and its claims in these bankruptcies are the contracts, specifically the provisions which provide guaranties and security interests. But for the contracts, there would have been nothing to avoid.

*Penrod* is also instructive because § 607-14 and Cal. Civil Code § 1717 share a purpose: to make ostensibly unilateral attorneys' fees provisions bilateral. There is little doubt that, if TDH had prevailed, TDH could argue that it was entitled to recover its attorneys' fees from the plaintiff. Under § 607-14 and Cal. Civil Code § 1717, what's sauce for the goose is sauce for the gander. It is immaterial whether TDH would have sought such an award; what matters is that it *could have* sought fees under the contract. *See Penrod*, 802 F.3d at 1090.

For these reasons, the court is inclined to grant the plaintiffs' request for an award of attorneys' fees.

U.S. Bankruptcy Court - Hawaii    #21-90009    Dkt # 235    Filed  10/20/22    Page 5 of 6

TDH contends that the hourly rate charged by plaintiffs' counsel is too high. I am inclined to disagree. Plaintiffs' counsel has filed fee applications in the main bankruptcy case, TDH did not object to any of them and the court approved all of them. TDH is precluded from objecting to the reasonableness of fees at this date. Even if preclusion did not apply, I would approve the rates. I am familiar with Mr. Muzzi's skill and experience and the work that he did in this case. I am inclined to find the rates submitted are reasonable and consistent with the market.

### III. Conclusion

For the above reasons, the court is inclined to grant the plaintiffs' request for attorneys' fees in the amount of $302,095.16.

**END OF TENTATIVE RULING**

U.S. Bankruptcy Court - Hawaii   #21-90009   Dkt # 235   Filed   10/20/22   Page 6 of 6